IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWAYNE CAVANAUGH, 39606-177, | § | |
| Petitioner, | § | |
| | § | 3:13-CV-1553-P |
| v. | § | 3:09-CR-0323-P |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255.

### I.   Procedural Background

On December 2, 2009, pursuant to a plea agreement, Petitioner pled guilty to one count of receipt of child pornography. On April 21, 2010, the Court sentenced Petitioner to 144 months in prison. Petitioner did not file an appeal.

On April 15, 2013, Petitioner filed the instant § 2255 petition. He argues he received ineffective assistance of counsel when he pled guilty and accepted the plea bargain because the guilty plea was an invalid contract.

On June 28, 2013, Respondent filed a motion to dismiss as barred by the one-year statute of limitations. On July 15, 2013, Petitioner filed a reply. The Court finds the petition is time-barred and GRANTS Respondent's motion to dismiss.

### II. Discussion

#### 1.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute

of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(1). In this case, judgment was entered in Petitioner's case on April 23, 2010. He did not file an appeal. His conviction therefore became final fourteen days later on May 7, 2010. *See* Fed. R. App. P. 4(b)(1)(A). He then had one year, or until May 7, 2011, to file his § 2255 petition. He did not file his petition until April 15, 2013. The petition is therefore untimely.

2. **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable

tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has not argued that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III. Conclusion

For the foregoing reasons, the Court grants Respondent's motion to dismiss.

IT IS SO ORDERED.

Signed this 12th day of May, 2015.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE